# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>AARON MCCUNE,<br><br>        Defendant. | CASE NO. 17cr337-LAB-3<br><br>**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE [DOCKET 213, 216]** |

  Aaron McCune pled guilty in 2017 to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 21 U.S.C. § 853. The Court imposed a total custodial sentence of 120 months, followed by ten years of supervised release. He is currently being held at FCI Victorville Medium I, at FCC Victorville.

  McCune moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). McCune's motion cited the risk of COVID-19 and said his BMI was a factor. All prisoners — and for that matter, everyone in the United States — has experienced some risk of contracting COVID-19. While obesity may

- 1 -

increase the danger, McCune never said what his BMI was. His initial motion failed to identify any extraordinary or compelling reason for early release, and if not supplemented would have been denied.

Federal Defenders was appointed and filed a supplemental motion saying that McCune had contracted COVID-19 and was hospitalized. The Government filed an opposition, arguing that as a hospitalized patient in isolation with an active case of COVID-19, releasing him was not safe. It also argued that in any event McCune posed a danger to the public if he were released early. The Government agrees McCune has exhausted his administrative remedies.

The Court agrees that releasing a hospitalized prisoner with an active case of COVID-19 is not in the public interest, nor is it likely to help the prisoner. *See United States v. Marshall,* 2021 WL 1535332, at *2 (D. Nev. Apr. 19, 2021) ("[C]ourts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19" (citation omitted)). As of the date McCune's counsel filed the supplemental motion, compassionate release was impractical and unavailable.

McCune's counsel has since submitted a "Supplemental Motion Summarizing Medical Records" dated February 4, 2021. The Court authorized the filing of this motion as well as McCune's medical records submitted as Exhibit B, was authorized by a separate order. The sealed documents show that during his active infection, McCune suffered serious complications but was treated and was released on December 6. Medical notes show that a follow-up procedure was done around two weeks later, and his condition had improved.

Since then, the number of active cases among inmates at FCC Victorville has dropped to zero, though one staff member at FCI Victorville Medium II is

infected. The parties have not provided any update on McCune's status since mid-December, but it appears there is no longer any great threat of COVID-19 infection among inmates — or, in McCune's case, of reinfection. *See United States v. Barraza-Macias*, 2021 WL 2000241, slip op. at *1 (D. Ore. May 19, 2021) (concluding that because COVID-19 reinfection is "rare," the defendant did not face an "inordinate risk" of a second infection); *United States v. Shults*, 2021 WL 637586, slip op. at *8 (E.D. Cal., Feb. 18, 2021) (characterizing risk of COVID-19 reinfection as speculative and inadequate as a basis for compassionate release). Furthermore, McCune received appropriate medical treatment. There is no reason to believe that the medical care he continues to receive while in prison is inadequate, or that he would receive better care if released.

At the time McCune's counsel filed the first supplemental motion, it was unclear when vaccinations would become available. Not long afterward, however, vaccines became available. Since then, BOP prisoners have been offered vaccines and the number of vaccinated prisoners is rising. *United States v. Johnson*, 2021 WL 1565780, slip op. at *2 and n.21 (D. Nev., Apr. 21, 2021). At last count, 1879 prisoners (of around 3850) and 398 staff at FCC Victorville were fully vaccinated. *See* https://www.bop.gov/coronavirus/ and https://www.bop.gov/locations/list.jsp (last visited May 28, 2021).

McCune has not shown that his medical condition qualifies as an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A).

Even if McCune had shown his medical condition put him in significant danger, the Court finds the § 3553(a) factors — including the danger that his release would pose to the community — continue to support the original sentence. The Government's opposition outlines at length McCune's extensive criminal history (*see* Opposition (Docket no. 217), at 11:13–24) as well as the

sophisticated drug trafficking activity for which he is now incarcerated. (*Id.* at 2:4–5:19.) Over the course of 20 years, McCune suffered a dozen convictions, which scored 22 criminal history points. The Government aptly describes this as a "long-term and sustained criminal lifestyle" marked by a "prolific history of distribution of drugs . . . ." (*Id.* at 11:22–24.) His criminal history and the serious offense for which he is now in custody, show a strong need for both specific deterrence, and protection of the public. *See* §§ 3553(a)(2)(B), 3553(a)(2)(C). Consideration of these and the other factors support leaving his original sentence undisturbed.

McCune has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His request for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 1, 2021

Honorable Larry A. Burns
United States District Judge